IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARILYN ADAMS, INDIVIDUALLY,
AND AS GUARDIAN OF JAIDEN
BARELA, A MINOR,

       Plaintiffs,

vs.                                         Case No._____

WHITE TRANSPORTATION SERVICE, INC.,
AND RUBEN DURAN

       Defendants.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441 BY DEFENDANT WHITE TRANSPORTATION, INC.

COMES NOW Defendant White Transportation Service, Inc. ("White Transportation"), and provides notice that it is removing the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332 and 1441. In support of their removal notice, Defendant White Transportation states as follows:

1. Plaintiff commenced this personal injury action in the First Judicial District Court, County of Santa Fe by filing "Plaintiffs' Complaint to Recover Damages for Negligence" entitled *MARILYN ADAMS, Individually and as Guardian of JAIDEN BARELA, a minor, Plaintiffs, v. WHITE TRANSPORTATION SERVICE, INC., and RUBEN DURAN, Defendants*, Cause No. D-101-CV-2022-00377 (hereafter "Complaint") on March 3, 2022. (*See* Plaintiff's Complaint for Damages to Recover Damages for Negligence ("Complaint"), attached hereto as **Exhibit A**).

2. Plaintiffs served White Transportation with the Complaint on March 29, 2022. (*See* Attorney Affidavit at ¶ 3, attached hereto as **Exhibit B**).

4. Defendant White Transportation's time to answer or remove with respect to the Complaint has not expired.

5. This Notice of Removal if filed in this Court within thirty (30) days of the service on Defendant Sprouts Farmers Markets of the initial pleading in this case. *See* 28 U.S.C. § 1446(b).

The state court in which this action commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## DIVERSITY JURISDICTION

6. Plaintiffs' Complaint claims Plaintiff Marilyn Adams is "currently living" in Lubbock Texas and also claims her "current residence at this time" is in Amarillo, Texas. (*See* Complaint at ¶ 1, attached hereto as **Exhibit A**).

7. Upon information and belief, however, Plaintiff Marilyn Adams is a citizen of Texico, New Mexico:

   a. Plaintiff gives inconsistent information regarding her "current residence" in her complaint. (*See* Complaint at ¶ 1, attached hereto as **Exhibit A**).

   b. Plaintiff filed her Complaint less than three (3) weeks following the February 14, 2022 accident on which her Complaint is based—at which time she is listed as a resident of Texico, New Mexico. (*See* Police Report, attached hereto as **Exhibit C**).

   c. Plaintiff is registered to vote in New Mexico. (*See* NM Voter Registration, attached hereto as **Exhibit D**).

8. Defendant White Transportation is a Texas corporation with its principal place of business in Texas. (*See* Complaint at ¶ 2, attached hereto as **Exhibit A**; Attorney Affidavit at ¶ 7, attached hereto as **Exhibit B**; Texas Secretary of State Report, attached hereto as **Exhibit E**).

9. Defendant Ruben Duran is a citizen of Texas. (*See* Complaint at ¶ 3, attached hereto as **Exhibit A**; Attorney Affidavit at ¶ 8, attached hereto as **Exhibit B**).

15. Therefore, complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

16. In her Complaint, Plaintiff alleges both she and her grandson, Jaiden Barela, suffered damages, including medical expenses, pain and suffering, disfigurement, loss of enjoyment of life, and that they are entitled to punitive damages. Plaintiff also alleges that she and Jaiden Barela "suffered life altering injuries" and "have extensive medical treatment as a result" of the events alleged in her Complaint. (*See* Complaint at ¶¶ 10, 23, attached hereto as **Exhibit A**).

17. Based on medical bills provided to Defendants, as well as the nature of Plaintiff's alleged injury, Plaintiff seeks in excess of the $75,000 amount in controversy due to the claimed nature and severity of her alleged personal injury. The exact amount of Plaintiff's alleged damages has been omitted in accordance with Rule 11-408 NMRA and Fed. R. Evid. 408 (prohibiting admissibility of offers of compromise and negotiations). (*See* Attorney Affidavit at ¶ 6, attached hereto as **Exhibit B**).

18. This Notice of Removal is filed in this Court within thirty (30) of the service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(B)(3). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. §1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

19. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, in that it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. (*See* Attorney Affidavit at ¶ 6, attached hereto as **Exhibit B**).

20. Defendant is concurrently filing a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico, pursuant to 28 U.S.C. §1441(b), together with this Notice.

21. Pursuant to D.N.M. LR-CIV 81.1(a), Defendant will submit copies of the records and proceedings from the state court action within thirty days of its filing of this Notice of Removal.

22. Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions and/or omissions occurred in New Mexico. (*See* Complaint at ¶ 6, attached hereto as **Exhibit A**).

23. Defendant Ruban Duran has not yet been served in this matter, and is therefore, not required to consent to removal at this time. *See* 28 USC § 1446 (b)(2)(A) ("…all defendants who have been properly joined and *served* must join in or consent to the removal of the action.") (*emphasis added*)). However, undersigned counsel also represents Defendant Ruben Duran and Ruben Duran consents to removal. (*See* Attorney Affidavit at ¶ 14, attached hereto as **Exhibit B**).

24. Defendant White Transportation Service, Inc. consents to removal. (*See* Attorney Affidavit at ¶ 12, attached hereto as **Exhibit B**).

        Respectfully submitted,

        CIVEROLO, GRALOW & HILL, P.A.

        By: */s/ Lance D. Richards, April 25, 2022*
            Lance D. Richards
            Lauren R. Wilber
            *Attorneys for Defendants*
            P.O. Box 93940
            Albuquerque, NM 87199
            (505) 842-8255
            richardsl@civerolo.com
            wilberl@civerolo.com

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that a true copy of the foregoing *Notice of Removal* was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on April 25, 2022, which caused the following attorneys to be electronically served as follows:

| | |
|---|---|
| Todd A. Hunter, Jr., Esq. | Juan Rena, Esq. |
| NM Bar No. 152234 | NM Bar No. 152530 |
| LILES WHITE PLLC | Reyna Injury Lawyers, P.C. |
| 500 N. Water Street, Suite 800 | Principle Office |
| Corpus Christi, TX  78401-0232 | 5656 S. Staples, Suite 114 |
| Telephone: (361) 826-0100 | Corpus Christi, TX 78411 |
| Facsimile: (361) 826-0101 | Telephone: (361) 993-8100 |
| efiling@lileswhite.com | Facsimile: (361) 993-8101 |
| todd@lileswhite.com | jr@jreynalawfirm.com |
| stuart@lileswhite.com | *Attorneys for Plaintiffs* |
| *Attorneys for Plaintiffs* | |

      By: */s/ Lance D. Richards, April 25, 2022*
      Lance D. Richards
      Lauren R. Wilber