FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
3/3/2022 4:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

MARILYN ADAMS, INDIVIDUALLY
AND AS GUARDIAN OF JAIDEN
BARELA, A MINOR,

Case assigned to Biedscheid, Bryan

    Plaintiffs

vs.                                                       No. D-101-CV-2022-00377

WHITE TRANSPORTATION SERVICE, INC.,
AND RUBEN DURAN,

    Defendants

## PLAINTIFFS' COMPLAINT TO RECOVER DAMAGES FOR NEGLIGENCE

Marilyn Adams, Individually and as Guardian of Jaiden Barela, a Minor, file this Complaint against Defendants White Transportation Service, Inc. and Ruben Duran and state the following:

### THE PARTIES

1. Plaintiff Marilyn Adams ("Adams") is currently living in Lubbock, Texas. Her current residence at this time is 400 SE 58th #33A, Amarillo, Texas 79118. Ms. Adams brings this lawsuit in her individual capacity as the guardian of Jaiden Barela, a Minor. Jaiden Barela ("Barela") is Marilyn's grandson and was 17 years of age at the time of the crash.

2. Defendant White Transportation Service, Inc. ("White Transportation") is a domestic limited liability company with its principle office at 3121 East Slaton Highway, Lubbock, Texas 79404. It may be served by serving its agent Ricardo Candelaria at its principle office.

3. Defendant Ruben Duran resides at 1101 Avenue B, Plains Texas 79355, 1102 Avenue B, Plains, Texas 79355, and he may be served at his residence or wherever he may

**EXHIBIT A**

be found.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this case. The Court has general personal jurisdiction over Defendants because they continuously and systematically contacted New Mexico in the course of their transportation work and by engaging in interstate commerce. To perform their work, Defendants necessarily had to travel into New Mexico utilizing the roadways of New Mexico. The fact that Defendants had to perform their work in New Mexico, drive in New Mexico, and occupy land in New Mexico demonstrates that they could reasonably foresee being haled into New Mexico courts for any matter. Even if the Court does not have general personal jurisdiction over Defendants, it has specific personal jurisdiction over them. This litigation arises from Defendants' negligent acts and omissions occurring in New Mexico, in February 2022. Defendants purposefully established contact with New Mexico by engaging in work that requires their presence in New Mexico, by transporting goods in and through New Mexico, by working in New Mexico, and by negligently acting or omitting upon Plaintiffs in New Mexico and thereby injuring Plaintiffs in New Mexico. This case is not removeable to Federal Court because there is not complete diversity of the parties.

5.     Venue in this case is proper in Santa Fe County, New Mexico under NMSA 1978 § 38-3-1(F) because Defendants are transients and/or non-residents of New Mexico. Defendant White Transportation is a non-resident that is not registered to do business in the State of New Mexico and therefore can be sued in any county.

## RELEVANT FACTS

6.     On February 14, 2022, Plaintiff Adams was driving a 2007 red Toyota with her grandson, Jaiden Barela, in the vehicle. Plaintiff Adams was heading east on Wheeler

Street in Texico, Curry County, New Mexico.

7. Defendant Duran was also driving east on Wheeler Street while operating a 2021 white Peterbilt with a trailer in tow, in the course and scope of his employment or agency for Defendant White Transportation.

8. Near the College Street intersection, Defendant Duran failed to keep a safe following distance and rear-ended the red Toyota occupied by Plaintiffs Adams and Barela. The red Toyota was then pushed into a lane occupied by a 2018 white Peterbilt being operated by Carlos Coyazo for Kimrad Transport, LLC, which resulted in a second impact.

9. Defendant Duran was driving too fast and was unable to avoid rear-ending Plaintiffs' vehicle.

10. Both Plaintiffs suffered life altering injuries and aggravations of existing injuries. Both have extensive medical treatment as a result of the collision.

## COUNT 1 – NEGLIGENCE OF DEFENDANT WHITE TRANSPORTATION

11. Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-10 of this Complaint as if set forth in full herein.

12. At all times relevant to the allegations of this Complaint, Defendant White Transportation had a duty to act as a reasonable and prudent company and to use reasonable care in hiring, training, retaining, and supervising its employees, agents, and ostensible agents.

13. Defendant White Transportation breached this duty and was negligent, such negligence including but not limited to the following:

   a) Failing to hire competent and qualified drivers to drive and operate its vehicles;

b) Failing to properly supervise its drivers, agents, employees or other individuals acting on its behalf;

c) Failing to properly train its drivers, agents, employees or other individuals acting on its behalf;

d) Failing to make sure its drivers were qualified and/or fit to operate a vehicle;

e) Failing to follow its own safety guidelines, policies and procedures;

f) Failing to supervise and properly instruct its drivers, agents, employees or other individuals acting on its behalf to safely navigate the roads of Texas and follow the safety laws in place at the time of the accident;

g) Failing to monitor its drivers' actions while operating a vehicle;

h) Other negligent acts.

14. Defendant White Transportation's negligence was a cause of the incident in question and of the injuries to Plaintiffs.

15. Defendant White Transportation is also vicariously liable for the negligence of its employee, agent, ostensible agent Defendant Duran who was acting in the course and scope of his employment or agency at the time of the crash.

16. Defendant White Transportation's acts and/or omissions described herein were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. It was consciously indifferent to the life and well-being of New Mexicans. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendant White Transportation.

## COUNT 2 – NEGLIGENCE OF DEFENDANT DURAN

17. Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-16 of this Complaint as if set forth in full herein.

18. At the time of the incident, Defendant Duran was driving in the course and scope of his employment, agency, or ostensible agency for Defendant White

Transportation.

19. Defendant Duran was distracted and driving too fast for the circumstances.

20. Defendant Duran was negligent including, but not limited to, the following:

   a) Driving too fast for the conditions;
   b) Failing to maintain a safe speed;
   c) Failing to maintain safe/proper following distance;
   d) Failing to keep a proper lookout;
   e) Failing to drive on his side of the roadway;
   f) Distracted while driving;
   g) Following too closely;
   h) Failing to follow and adhere to state and federal standards; and
   i) Any additional actions revealed as discovery in this case progresses.

21. Furthermore, Defendant Duran's acts and/or omissions described herein were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendant was consciously indifferent to the life and well-being of New Mexicans. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant Duran.

## DAMAGES – PERSONAL INJURY AND PUNITIVE DAMAGES

22. Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 1-21 of this Complaint as if set forth in full herein.

23. As a result of the acts and/or omissions of Defendants, Plaintiffs have suffered the following damages to which they are entitled to recover by law:

   a. Reasonable medical expenses in the past and future;
   b. Lost earnings in the past and future;
   c. Disfigurement in the past and future;

  d. Pain and suffering in the past and future;
  e. Loss of enjoyment of life in the past and future;
  f. Reasonable nonmedical expense in the past and future;
  g. Punitive damages; and
  h. All other damages to which they are entitled to recover by law;

24. The actions and conduct of all Defendants in showing a total disregard for both Federal and the State of New Mexico's laws, rules, and regulations, and the actions and conduct of Defendants on the occasion in question, constitute sufficient evidence to justify an award of punitive damages to Plaintiffs. Defendants' acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined in New Mexico law. Accordingly, Plaintiffs are entitled to an award of punitive damages in the maximum amount allowed by law against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a. Special and actual damages in an amount to be proved at trial and as allowed by law;
b. Punitive damages in the maximum amount allowed by law;
c. Pre-judgment and post-judgment interest as allowed by law;
d. Costs of court; and
e. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

*/s/ Todd A. Hunter Jr.*
Todd A. Hunter Jr.
NM Bar No. 152234
**LILES WHITE PLLC**
500 N. Water St., Suite 800
Corpus Christi, TX 78401-0232
Tel: 361.826.0100
Fax: 361.826.0101
**E-Filing Notifications and Electronic Service:** Efiling@LilesWhite.com
Email: todd@lileswhite.com

AND

Juan Reyna
NM Bar No. 152530
**Reyna Injury Lawyers, P.C.**
Principle Office
5656 S. Staples, Ste. 114
Corpus Christi, Texas 78411
Tel: (361) 993-8100
Fax: (361) 993-8101
jr@jreynalawfirm.com
**ATTORNEYS FOR PLAINTIFF**