# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARILYN ADAMS, *Individually and as Guardian of J.B, a Minor*,

      Plaintiff,

v.                                                                  No. 1:22-cv-00310-KWR-JFR

WHITE TRANSPORTATION SERVICES, INC.,
and RUBEN DURAN,

      Defendants.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court, **(Doc. 17)**. Having reviewed the pleadings and applicable law, the Court finds that Plaintiff's Motion is **WELL TAKEN** and, therefore, is **GRANTED**. This case is remanded to the First Judicial District Court, Santa Fe County, New Mexico.

## BACKGROUND

This case stems from a motor vehicle collision. Plaintiff alleges she was driving with her grandson in Texico, New Mexico. She alleges that Defendant Duran, driving a semi-trailer truck, rear-ended Plaintiff's car and pushed her car into another semi-trailer truck. She asserts Defendant Duran was driving too fast to avoid rear-ending her vehicle or was otherwise negligent. Plaintiff alleges that Defendant Duran operated the vehicle in the course and scope of his employment with Defendant White Transportation Services, Inc.

Plaintiff filed this case in New Mexico state court. Plaintiff's complaint asserts two New Mexico negligence claims. In Count I, she alleges that Defendant White Transportation was

negligent for, in part, failing to use reasonable care in hiring, training, and supervising its employees or agents.  **Doc. 1-1 at 3.**  Plaintiffs allege in Count II that Defendant Duran was negligent for driving distracted and too fast under the circumstances.  **Doc. 1-1 at 5.**

Defendants removed this case on the basis of diversity jurisdiction.

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff seeks to remand this case to state court because the parties are not completely diverse.  The Court agrees with Plaintiff, as at the time of the filing of the complaint all parties were domiciled in, and for diversity jurisdiction citizens of, Texas.   Because the parties are not completely diverse, the Court lacks diversity jurisdiction over this case and will remand the case to state court.

Because Defendants removed this case on the basis of diversity jurisdiction, they bear "the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also Bonadeo v. Lujan*, No. CIV–08–0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009) ("[a]s the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").

In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

It is undisputed that Defendants White Transportation and Ruben Duran are citizens of Texas.  **Doc. 1-1 at 1** (complaint); **(Doc. 1 at 2)** (notice of removal).  At issue is Plaintiff's

2

domicile. As explained below, the Court finds that at the time the complaint was filed, Plaintiff's domicile was in Texas and for the purpose of diversity jurisdiction, she was a citizen of Texas.

"An individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

"When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021), *citing Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71, 574, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) and 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure – Jurisdiction and Related Matters* § 3723 (4th ed., July 2020 update) ("Wright & Miller"). "Under the "time-of-filing" rule, the citizenship of every plaintiff must be diverse from the citizenship of every defendant when the complaint is filed." *Id.* Under § 1441(a), there also must "be complete diversity at the time of removal." *Grupo,* 541 U.S. at 574, 124 S.Ct. 1920.

"It is more than well-settled that a party's citizenship, i.e., [her] domicile, must be determined as of the moment the plaintiff's complaint is filed, and events either before or after the filing of the complaint will not defeat citizenship." *Hassan v. Allen,* 149 F.3d 1190, 1998 WL 339996, **5–6, 1998 U.S.App. LEXIS 13583, at *17 (10th Cir. June 24, 1998)(citing *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. at 428, 111 S.Ct. 858); *quoted in Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1091 (D.N.M. 2005), *aff'd,* 245 F. App'x 784 (10th Cir. 2007).

3

"When it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014), *citing* Wright et al. § 3612, at 536–41 (listing "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity"). However, circumstances relating to Plaintiff's domicile before or after the filing of the complaint are not relevant when they do not bear on the Plaintiff's domicile at the time she filed the complaint. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015); *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (federal jurisdiction is determined based on facts as they existed at time complaint was filed). "A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

Here, the Court finds that at the time the complaint was filed in state court, Plaintiff's domicile was in Texas because she resided in Texas and intended to remain there indefinitely. Although Plaintiff previously lived in New Mexico, she asserts through affidavit that following the collision she was hospitalized in Lubbock, Texas and then taken to a rehabilitation facility. She asserts that she planned to live indefinitely in Texas, as after leaving the rehabilitation facility she planned to live with her son in Amarillo, Texas. *See* **Doc. 17-1** (Plaintiff's affidavit). Defendants provide evidence they assert shows she maintained her domicile in New Mexico. *See* **Doc. 19 at 2** (summarizing evidence). Defendants' evidence is not persuasive. Overall, the Court finds that Defendants' evidence does not tend to show that Plaintiff did not intend to live in Texas

indefinitely at the time she filed her complaint. Much of Defendants' evidence is not relevant to whether Plaintiff intended to reside in Texas indefinitely at the time she filed her complaint. For example, Defendants assert that she was registered to vote in New Mexico, but she apparently last registered to vote in 2008. In contrast, Plaintiff submitted evidence that at the time she filed her complaint, she resided in Texas and planned to live there indefinitely because she needed her son's assistance.

Considering the totality of the circumstances and weighing the evidence, the Court finds that at the time the complaint was filed Plaintiff was domiciled in Texas.

## CONCLUSION

Because there was a lack of complete diversity at the time the complaint was filed in state court, this Court lacks diversity jurisdiction over this case. 28 U.S.C. § 1447(c). Therefore, the Court remands this case to the First Judicial District Court, Santa Fe County, State of New Mexico.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 17)** is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**